# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2021

Lyle W. Cayce
Clerk

No. 20-40406
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRY DRENNEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CR-37-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

In 2014, Terry Drennen, federal prisoner # 22531-078, pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Drennen was sentenced to, *inter alia*, 180-months' imprisonment.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40406

Proceeding *pro se*, he challenges the district court's denial of his mid-2020 motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release to home confinement. Drennen contends: he is entitled to such release because of the extraordinary and compelling circumstances of COVID-19 in a prison setting, particularly in the light of his underlying medical conditions; and the court did not properly weigh the 18 U.S.C. § 3553(a) sentencing factors in denying his motion.

Under § 3582(c)(1)(A), a district court may reduce a prisoner's term of imprisonment if, after considering the applicable § 3553(a) factors, it concludes "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A). The denial of a motion for such release is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

While the court assumed COVID-19 presented an extraordinary and compelling circumstance, it nevertheless concluded Drennen was not entitled to compassionate release under the § 3553(a) factors, finding: Drennen committed a serious offense that caused significant harm; he was a repeat offender who had not reformed despite an opportunity to do so; he had nine years remaining on his sentence and, therefore, home confinement would not afford adequate deterrence or protect the public from harm; and several district courts have concluded defendants who committed the same offense should not be released to home confinement due to the risk of reoffending. *See* 18 U.S.C. § 3553(a)(1)–(2). There was no abuse of discretion.

AFFIRMED.